IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ETHAN C. HILL**  **PLAINTIFF**
**ADC #179779**

v.  No: 4:24-cv-00441-JM-PSH

**ARKANSAS DEPARTMENT OF CORRECTION**  **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Ethan Hill filed a *pro se* complaint on May 16, 2024, while incarcerated at the Arkansas Division of Correction's Cummins Unit (Doc. No. 2). His application to proceed *in forma pauperis* has been granted (Doc. No. 3). The Court has screened Hill's complaint and finds that he does not describe facts sufficient to state a claim upon which relief may be granted.

### I.  Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

### II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Hill complains that he spent three additional days in administrative segregation after he completed a punitive sentence.  Doc. No. 2 at 4.

He sues the Arkansas Department of Correction (ADC) in its official capacity and seeks $1,200 per day he was held in administrative segregation beyond his sentence. *Id.* at 1-2, 5. Hill fails to state a viable claim for relief for the reasons explained below.

First, the ADC is not an entity subject to suit under § 1983. *Brown v. Missouri Department of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (suits against the States and their agencies are barred by the Eleventh Amendment regardless of the relief sought). And Hill's official capacity claims for money damages are also barred by sovereign immunity. *See Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*; Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989).

Second, even if Hill had named appropriate defendants and sued them in their individual capacities, he fails to state an actionable due process claim based on spending an additional three days in administrative segregation. An inmate cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). A prisoner's liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare

the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).  An inmate making a due process challenge to confinement in segregation is required to "make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (*quoting Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000)).  The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Id; see also Freitas v. Ault,* 109 F.3d 1335, 1337–38 (8th Cir. 1997) (holding that 10–day placement in administrative segregation with only one hour per day out of cell and an additional 30 days of limited time out of cell, limited visitors, and no work or phone privileges, did not constitute atypical and significant hardship); *Driscoll v. Youngman*, 124 F.3d 207 (8th Cir. 1997) (unpublished decision) (135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not amount to an atypical and significant hardship).

Hill does not describe any particular conditions he endured in administrative segregation, and his claim that he was held there an additional three days does not amount to an atypical and significant hardship as a matter of law.  Accordingly, he

fails to state a viable due process claim.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Hill's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted;

2. Dismissal of this action should count as a "strike" within the meaning of 28 U.S.C. § 1915(g); and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 29th day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE